UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CR-229-G |
| MI NA MALCOLM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant's motion, under 18 U.S.C. §§ 3145(a) and (b), to revoke or amend the magistrate judge's detention order for the defendant pending trial. Upon a *de novo* review of the detention hearing before United States Magistrate Judge William F. Sanderson, the motion is denied for the reasons set forth below.

I. AVAILABLE INFORMATION[1]

After initially being charged by complaint filed August 2, 2005, the defendant appeared before Judge Sanderson on August 16, 2005 for a detention hearing. *See*

---

[1] *See* 18 U.S.C. § 3142(g) (the judicial officer shall "take into account the available information concerning [the listed factors]"; FED. R. EVID. 1101(d)(3) (rules of evidence inapplicable). See also *United States v. Golding*, 742 F.2d 840, 841-42 (5th Cir. 1984).

*generally* Docket Sheet. The complaint charged the defendant with the offense of knowingly attempting to transfer more than $10,000 in United States currency from the United States with the intent to evade a currency reporting requirement in violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5332(a)(1).[2] Criminal Complaint, 3:05-MJ-327. After the detention hearing, Judge Sanderson determined that "no condition or combination of conditions would reasonably assure the appearances of Defendant as required." Detention Order Pursuant to 18 U.S.C. § 3142(i) ("Detention Order") at 4.

On September 13, 2005, the defendant filed this motion for revocation or amendment of the detention order. The government filed its response on September 16, 2005.

## II. ANALYSIS

When reviewing a pretrial release order, the district court "acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985); see also *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992), *cert. denied*, 507 U.S.

---

[2] Judge Sanderson noted in his order that "[t]he conduct of Defendant reflected in the testimony and proffers made to the court indicate that she may be subject to federal criminal charges in addition to the one charged in the present complaint." Detention Order at 3. Specifically, possible charges include violations of 8 U.S.C. § 1324 (bringing in and harboring certain aliens) and 8 U.S.C. § 1328 (importation of aliens for immoral purposes). Transcript of Preliminary and Detentions Hearings Before the Honorable William F. Sanderson United States Magistrate Judge ("Tr.") at 30.

940 (1993). This determination is based on the evidence presented to the magistrate judge. See *United States v. Baker*, 703 F. Supp. 34, 36 (N.D. Tex. 1989).

A determination of detention may be based on either the likelihood of the defendant's appearance or the safety of others. *Fortna*, 769 F.2d at 249. Although the defendant's alleged criminal conduct does not suggest that she may pose a danger to the community, the court need not reach that issue. The risk that the defendant will not appear for trial is substantial enough, without more, to support the August 17 order of detention.

On the issue of appearance, "the judicial officer must determine that it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1189 (5th Cir. 1986). 18 U.S.C. § 3142(g) lists the factors to be considered when making this determination:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including --
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Here, although the defendant has no criminal history, Tr. at 31, several other factors weigh against the determination that a combination of conditions would assure the appearances of the defendant.  For instance, after arrests and seizures in California of individuals involved in similar sexually oriented businesses, an informant was told that if things in Dallas got as "hot" as they had in California, the defendant would flee to Korea.  Tr. at 30.  This information regarding the risk of flight was provided by a reliable informant who also correctly predicted that the defendant would be attempting to transfer United States currency out of this country via the U.S. mails on April 28, 2005.  Tr. at 19-20.  After the California arrests, the defendant began sending even greater quantities of money overseas to Korea, suggesting preparations for leaving the United States.  Tr. at 38, 40.  In addition to the fact that her behavior suggests intimate knowledge of traveling illegally between Korea and the United States, the defendant has no family ties here in Dallas.  Tr. at 27, 46.  As stated in the detention order,

>Although CIS [Citizenship and Immigration Services] has seized Defendant's Korean passport which precludes Defendant from <u>legally</u> traveling outside the United States, the ties which Defendant has to persons or organizations which have successfully smuggled Korean aliens into the United States strongly suggest that the mere fact that she cannot depart the United States through legitimate channels of international travel is no assurance that Defendant could not leave the United States through clandestine avenues.

Detention Order at 3 (emphasis in original). The court agrees with this conclusion. The defendant is neither a United States citizen (she is registered as a legal resident alien), Tr. at 10, 27, 31, nor does she have employment in on-going business in the Northern District of Texas after police raids of her sexually oriented businesses in mid-August 2005. Due to this high risk of flight, the defendant's motion to revoke and/or amend the detention order is denied.

### III.  CONCLUSION

Taking all relevant factors into account, the court is not persuaded that there exist any conditions for release which would reasonably assure the appearance of the defendant pending trial on this charge. Because the risk of flight is dispositive of this motion, the court need not discuss the issue of safety of the community. Accordingly, the defendant's motion for revocation or amendment of the magistrate judge's order is **DENIED**.

**SO ORDERED**.

September 20, 2005.

_____
A. JOE FISH
CHIEF JUDGE