UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | CRIMINAL ACTION NO. |
| VS.   ) | |
| ) | 3:05-CR-229-G |
| MI NA MALCOLM,   ) | |
| ) | |
| Defendant.   ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion for a new trial and an evidentiary hearing. For the reasons stated below, the motion is denied.

I. BACKGROUND

On July 18, 2006, the defendant Mi Na Malcolm ("Malcolm") appeared before the court for sentencing pursuant to her plea of guilty to Counts One (conspiracy to hold/harbor aliens for purposes of prostitution with a statutory maximum punishment of five years), Four (harboring illegal aliens for commercial advantage/private financial gain with a statutory maximum punishment of ten years), and Six (bulk cash

smuggling with a statutory maximum of five years) of the superseding indictment filed on February 1, 2006. Government's Response to Defendant's Motion for New Trial ("Response") at 1. The Presentence Report ("PSR") calculated a United States Sentencing Guidelines range of 78 to 97 months, based upon a criminal history category of I and an offense level of 28. *Id*.

During Malcolm's sentencing hearing, the court inquired as to whether she wished to assert objections beyond those already submitted to the court. *Id*. at 2. Malcolm's counsel declined, and the court overruled the objections and adopted the factual findings of the PSR. *Id*. Malcolm's counsel chose not to offer additional argument or submit any factual support for mitigation of her sentence. *Id*. Based upon the PSR's explanation of factors warranting an upward departure -- clearly set out in the PSR and available to both Malcolm and the government -- the court imposed a sentence of imprisonment of 120 months on Count Four and 60 months on each of Counts One and Six, to run concurrently with Count Four's sentence. *Id*. The court made clear that the sentence imposed took "the Guidelines as advisory pursuant to *United States v. Booker*, and considering the factors set forth in 18 U.S.C. Section 3553(a) . . .." *Id*.

On July 25, 2006, Malcolm filed the instant motion, requesting a new trial pursuant to FED. R. CRIM. PROC. 33 and a hearing in order to introduce into evidence deposition testimony not previously submitted to the court. Motion for New Trial

and Brief ("Motion") at 1, 4. In this motion, Malcolm makes the argument that deposition testimony of two witnesses taken on December 22, 2005, relate "facts different from those which apparently were relied upon by the court in upwardly departing from the guideline range set forth in the presentence report." *Id*. at 1-2. Because this testimony was "not made available to the court prior to its decision," Malcolm wishes to submit this testimony via an evidentiary hearing. *Id*. at 2, 4. Malcolm argues that because the court did not have this deposition testimony before it when upwardly departing from the guidelines range, the court did not adequately take all relevant facts into consideration. *Id*. at 3.

## II.  ANALYSIS

A court may grant a new trial if it is required in the interests of justice. FED. R. CRIM. P. 33(a). Logic dictates, however, that a motion for new trial is proper only when a trial was had. See *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995) (Rule 33 "is confined to those situations in which a trial has been had."); *Williams v. United States*, 290 F.2d 217, 218 (5th Cir. 1961) (per curiam). Here, Malcolm pled guilty to four counts of the superseding indictment -- she admitted her guilt and therefore had no trial.

Moreover, even if the court were to reach the substantive arguments asserted in Malcolm's motion, the motion must be denied. The court made it patently clear in Malcolm's sentencing hearing and judgment that it was exercising its discretion by

departing upwardly from the advisory guidelines scheme.  Based on a preponderance of the evidence contained in the PSR, the court found facts for the purpose of imposing an appropriate sentence.  *United States v. Thompson*, ___ F.3d ___, No. 05-20123, 2006 WL 1740966, at *6 (5th Cir. June 27, 2006) ("After *Booker*, '[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range.'" (quoting *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)); *United States v. Magallanez*, 408 F.3d 672, 684-85 (10th Cir.) (noting that *Booker* does not change the traditional analysis of finding facts relevant to sentencing by a preponderance of the evidence), *cert. denied*, ___ U.S. ___, 126 S. Ct. 468 (2005); *United States v. Duncan*, 400 F.3d 1297, 1304-05 (11th Cir.) (noting that previously binding precedent allowing judge to impose a sentence within that authorized by a jury verdict is not changed by *Booker*), *cert. denied*, ___ U.S. ___, 126 S. Ct. 432 (2005).  Malcolm was aware of the possibility of the sentence ultimately imposed: the PSR recommended an upward departure and her statutory maximum was ten years for one of the counts.

Regarding Malcolm's request to introduce testimony of two witnesses, the court must deny this as well.  Malcolm argues that these two women were discovered working as prostitutes at Malcolm's sexually-oriented businesses.  Response at 5.  Malcolm, however, does not offer any additional information regarding the substance of this testimony -- she merely requests a hearing to introduce such evidence.  *See*

*generally* Motion at 1-2.  Without knowing the content of the testimony, the court notes that the PSR was very comprehensive in its recitation of facts.  *See* PSR ¶ 10 (noting that several of the victims knew they would be working as prostitutes in Malcolm's sexually-oriented businesses).  Such information was taken into consideration when upwardly departing from Malcolm's *advisory* guideline range.  In addition, these depositions were taken December 22, 2005.  Despite arguing now that this testimony is so important that it warrants a new trial, Malcolm never presented it to the probation officer who prepared the PSR, the court prior to her sentencing, or the court during Malcolm's sentencing hearing.  Considering the multiple opportunities to present this testimony, the court must deny the motion.

### III.  CONCLUSION

For the reasons stated above, the motion is **DENIED**.

**SO ORDERED**.

August 14, 2006.

_____
A. JOE FISH
CHIEF JUDGE